Good morning, Your Honors. May it please the Court, Joshua Fields for the Appellant Linda Rubenstein. Good morning. I'd just like to reserve three minutes for rebuttal. Okay, I'll try and help you. So I'd just like to focus the Court on several spots where the Appellant contends that the District Court erred in this case. The first issue is the critical finding that the sort of representations that Neiman Marcus made could only be viewed in terms of a comparable value comparison under the CFR 233.2 and not at all as a former price comparison. I think what it looked to me like the District Court missed was the context of the representations and also the fact that the name of the store is a representation that plays a role in the way consumers interpret these statements about the prices. You have the store name Neiman Marcus Last Call, which obviously contains a temporal component. It sort of suggests that the items in the store have been sold previously and here's your last chance to get them. Why does it suggest that? I'm sorry? Why does it suggest that? Well, I think, you know, the reasonable consumer test is in the complaint. Well, a reasonable consumer, I didn't see anything in your pleadings about any test about what consumers thought. All I see is what you think or what your client thinks. In the complaint, I think it was addressed that the client interpreted it as a former price comparison. I understand what the client interpreted it. Sure. But now I'm asking the question, what makes me think in reading this complaint that that's what consumers think just because your client thinks it? Well, Your Honor, I think. I mean, where is there alleged in the complaint anything except a bare allegation that reasonable consumers are misled? It seems to me that what you're suggesting is because your client thinks she was, then all are. But if I look at all kinds of other complaints in other cases, they always go get some consumer information, maybe even do a survey, maybe do something else, that frankly bases these ideas that you're alleging in your complaint. I think that's one way to do it, Your Honor. I've been before this court in other matters where the complaint didn't include a survey. I think that's arguably. Sir, I'm not saying survey is the only way, but just alleging it, a bare allegation, is not enough. Well, I think under the reasonable consumer test, when faced with these types of representations, I think it is an objectively reasonable response to what you're seeing. I mean, my worry is, and I looked at the reasonable consumer test, my worry is what facts are there alleged in the case that buttress reasonable consumers were misled under the circumstances, that buttress what outlet stores functions are? I mean, you suggest what an outlet store's function is, but I don't know why that's true. In fact, when I read your complaint, I said that isn't what an outlet store does at all. It does quite something else. And so then I looked to try to find out why do you allege that, and I couldn't find it. Did you go look at what Neiman Marcus says outlet stores ought to do? Did you go look at what Neiman Marcus says reasonable consumers should necessarily think? That would be a way to get your complaint. Your Honor, that's certainly something that we would address in discovery. I'm here on a motion to dismiss. I'm here where somebody's arguing ick ball twombly, that this is nothing more than a bare allegation. And I'm trying to say, well, no, that's not true. So I looked around. There were no ads or marketing material that was put in here. All we have are tags, two tags. And I, from those two tags, am I supposed to come to fraudulent action? Well, Your Honor, I think it is actually less of a leap than maybe you think. It's actually this court has recognized, I think, like Williams v. Gerber Products, that the context of representations actually plays a role in whether or not. I frankly agree with Williams. But the context of representations is, in this particular case, only the allegations you're alleging. And I'm not sure they were misrepresentations. I can't find anything that buttresses your idea there were misrepresentations, except your good idea that they do. I think one key. Where do I look? What case? If I can tell you, Your Honor, I think one key point is that the tags have the Neiman Marcus brand logo and not the Neiman Marcus last call brand logo. Well, I think in some ways it's a bait and switch, right? It's saying, come to the store that's Neiman Marcus last call. And when you actually go to purchase the items, I don't think it can be disputed that consumers base their purchase decisions on the price and whether or not they're getting value for the price that they're going to pay. I can appreciate that. But then I've got to find that this price tag somehow misrepresented. The issue here, I think, is that the consumer is going to make the purchase and the price tag says Neiman Marcus. The name of the store says Neiman Marcus last call. So they're misled into thinking they're getting a Neiman Marcus quality product when, as the plaintiff alleged, these items are actually produced and designed exclusively for the Neiman Marcus last call store. Why do I naturally come to that consequence? Why can't I naturally say, hey, Neiman Marcus last call is part of the Neiman Marcus total corporation, and therefore they're a part of the Neiman Marcus, and just because they have Neiman Marcus on the top of the tag doesn't mean that they're absolutely going to be in a Neiman Marcus store. It just means they were manufactured in the whole Neiman Marcus operation, and they're sitting here in this store. Now, I realize what you want to say, but I've got nothing to back it up. That's what I'm asking. What do I use to back it up? You know, I've been on cases before this court, Rubio versus Capital One Bank, and there the lender makes a representation about the terms of loans, and our plaintiff interpreted it in a way and alleged that, and alleged that other reasonable consumers interpreted an interest rate disclosure in the same way she did. But there, there was a representation which was made, the representation I read of that case, it was made. I could read it. I could read what it says. Here, I've got two tags that don't say anything, except Neiman Marcus. I mean, I can get them out. You've got them too. But I just, I'm trying to say, if I have to allege fraud, and it seems to me that if you're going to allege an FAL claim and a UCL claim or a CLRA claim, you've got to allege heightened pleading requirements under Rule 9B. And if I'm going to plead fraud or mistake, I have to cite with particularity what it is. And one of them is how. And I'm still trying to figure out how I get to the how in your complaint. I hope that I can address that, Your Honor. And I think what it is is that this is a case. I know there's a lot of references to marketing materials, advertising. The representations have been alleged. It's a very simple scheme. But it's not a matter of you determining what the representations are and me buying it. Or you could allege red was black, and I'd have to buy it, and then decide the case based on that. You've got to have some background. That's what I'm saying. That's what Iqbal Twombly is all about. That's why I'm asking you about this. And I think what I can say to that is just frankly that I think that's an objectively reasonable interpretation of being faced with this situation in this outlet mall shopping store. And again, it's the distinction between the brand name on the tag, which is a critical representation when consumers are making purchases. Do you have any representations in the complaint that your client made any effort to see whether this product was offered for sale anywhere else in the vicinity of the outlet malls? I don't believe that's in the complaint, Your Honor. Because, I mean, part of the problem I have with the words compared to is compared to what? Your argument is it has to be compared to Neiman Marcus flagship stores because the label says Neiman Marcus on the tag, and this is the last call store. But as I understand the law, if you can't show that, you might be able to survive with a viable claim if you could allege that it means compared to like quality products offered by other merchandisers in the vicinity. And I think on that issue, Your Honor, the CFR 233.2 puts the burden on the seller to have sufficient information regarding the price representation if it's a compared. Yeah, but you can't discover your way into a viable complaint, counsel. The question is what do we have in your complaint that says even a minimal investigation was made to see whether or not like quality products were offered for sale by anybody else? I'm not aware of any other allegations in the complaint on that aspect of the comparable value comparison argument. With regard to 233.2, the district judge had a problem with the fact that your client alleged that Neiman Marcus was, quote, not certain, close quote, to the compared to prices. And without addressing the other specifics in the complaint, it seems to me that those types of allegations are close to what the district court in Jacobo v. Ross Stores from 2013 dismissed on the grounds that uncertainty doesn't raise a 233.2 violation or 233.2 doesn't, you've got to show more than lack of clarity to get over that bar. What allegations, or if you haven't read Jacobo, what sort of analysis would you offer the court to distinguish what went on there? You know, I did take a look at Jacobo. Again, you know, I think from the appellant's perspective, because the statute specifically puts the burden on the defendant, you know, under 9B there's a relaxed standard if it's something that you could determine during discovery. For example, we got documents that said, you know, if they had no materials to support what is being referred to as a comparable price at other retailers in the area. I'm getting close to my time for rebuttals. Do you want to save the rest of your time? Thank you. Okay. Good morning, Your Honors. Paul Sweeney on behalf of the Neiman Marcus Group, LLC. I'm certainly here to answer any questions you have. But I think that the points that Judge Smith made are the points that I would make, as well as the points that the judge made in the lower court. Plaintiffs were given three opportunities to plead their complaint here. And there were three different opinions written where essentially the judge gave the plaintiff the opportunity to replead, gave him a roadmap, told him what he needed to plead. And the problem here is that all we have is an allegation that there is a price tag. It has two prices on it. It has the words compared to, and it says Neiman Marcus at the top. Before we run out of time, let me just address something. You're arguing that there's a lack of standing here and that she didn't properly allege harm. And the district court foreclosed that. But I read in the Second Amendment amended complaint that Ms. Rubenstein alleged she, quote, relied on Neiman Marcus's representations and would not have paid as much, if at all, for the products, but for Neiman Marcus's misleading advertising and representations. That's paragraph 19. She also said she, quote, reasonably relied on the large price differences and made purchases at the, quote, Neiman Marcus last call, close quote, stores, believing she was receiving a substantial discount on the exact same product that could have been purchased at traditional Neiman Marcus flagship retail stores for the compared to price. That's paragraph 15. I mean, she goes on in paragraph 18 and paragraph 52 and asserts, I think, with fairly good specificity that she shopped there and that she relied on the advertising and representations. It would seem to me we could take this standing argument off the table by simply acknowledging that in her Second Amendment amended complaint she alleged plenty of specific facts in those paragraphs to demonstrate that she had an injury in fact, right? Well, let me respond to that by saying three things. First, our argument primarily is that the plaintiff failed to state a claim here, and that's really what the judge focused on. That may be true, yeah. That's what the judge focused on and didn't address the standing issue in any of his opinions. But based on what Judge Murphy asked you, would you concede that is sufficient to establish Article III standing? And what I was going to say in response to that was that what the plaintiff is saying is that she relied on the representations and that's how she was harmed. The point is there were no representations. There was a price tag. But you've got to look at it in context. And I think that counsel has a point when he argues that it just says Neiman Marcus on the label and it's Neiman Marcus' last call store, which strongly infers that this product has previously been offered for sale at a flagship store and has now been dramatically marked down. And she's saying, I relied on all of that thinking I was getting a really good deal and I paid the last call price for the product. Had I known the true facts, I might not have purchased the product at all. I mean, it seems to me that's sufficient for Article III standing under the case law, is it not? Well, it may well be, Your Honor. Especially given that I have to accept her allegations as true for Article III standing. I'm not going to stand here and argue that there is no basis for a finding that she had standing. Okay, so my next question is, after all the questions I gave to him, there's one big question in my mind which is concerning. That is the one I just made reference to. I have to, in a motion to dismiss, acknowledge that all the allegations your opponent makes in this complaint are true. Is that enough to undo the bare allegation argument you're making? The answer is... Why not? The reason is this, Your Honor. First, under the Iqbal Twombly standard, the plaintiff must plead sufficient facts so that a judge can reasonably conclude that the claim is not simply conceivable but plausible. And that's exactly what the judge tried to do here. He said, you were telling me that because of the name of the store and because of price tag, that it is plausible for me to believe that you were misled into believing that this particular item was the exact same item that was sold at the flagship store at the higher price. That's not plausible under these circumstances. Well, he went further than that. He said that no reasonable consumer would interpret the compared to price as a former price comparison. And I have a hard time accepting that given Judge Smith's observation that we have to allege as true her allegations that that's what she believed and that's what she relied upon. And that's not an implausible argument to be made given the context in which these goods were offered for sale. Here's what is implausible. The test is what would a reasonable consumer conclude about the price tag? But why isn't that an issue of fact that the jury's going to have to decide? Because I frankly disagree with the district court in categorically ruling that no reasonable consumer could think that. Well, the court didn't rule that no reasonable consumer. What the court ruled was that given the facts as planned, what the court needs to do is make a determination as to what a reasonable consumer might conclude from those facts, that is, the tags. And here's what it did. Here's what it did. What it said was I have the obligation to determine using my common sense and my experience, one. And number two, what I'm going to do is the plaintiff has pointed me to the FTC guidelines. And the FTC guidelines are prepared by a government agency to give guidance to both consumers as well as businesses as to their rights and responsibilities. And so I am going to look at those guides to deceptive advertising to make a determination as to whether or not a reasonable consumer would view these price tags in a particular way. Would you concede that if the evidence showed that those guidelines were violated, that that would be sufficient to trigger the protection of California's broad consumer protection laws? Probably, if they were violated.  That's the point. The point is that the only thing that the plaintiff could point to here was the compare-to language. And the court said, I'm sorry, that's not the former price that you personally believed it was. That's where I'm having a hard time, with all respect for a very able district judge, I'm having a hard time understanding why, given the presumption that all of the plaintiff's allegations are true, that the only reasonable interpretation of compare-to is something besides a former price comparison. But that's not the standard. The standard is if she is pleading her conclusion that I was misled by the price tag, that's not entitled to any deference. That's her conclusion. Even though the Neiman Marcus label appears on the tag as opposed to last call, even though the name of the store is last call, even in the face of two different prices on the price tag, I mean, you really are saying no reasonable consumer could look at that tag and think this particular article of clothing had previously been offered for sale at one of the flagship stores, and now we're blowing it out at our last call store at a substantial discount. Well, what I'm saying is the Federal Trade Commission, the government, which protects consumers and gives guidance to business, has said to businesses, this is how you interpret tags like this. Right. But as I read those guidelines, you can go two ways. One is the defendant can show that this good, in fact, was offered for sale at a flagship store for some reasonable period of time, not for six hours from midnight to 6 a.m., but was offered for sale. Which wasn't done here. Which wasn't done here. Or you can go out into the community and see if there are other competing merchants offering quality of equal quality and offering it at a higher price. Which wasn't done here either. Okay. Those are the two ways that would make that a bona fide marketing practice. But if, in fact, the good has never been offered for sale at the flagship store, and if it would be reasonable for a consumer to assume that in the context in which the good was offered for sale, then how do you, doesn't the plaintiff survive on a motion to dismiss? I mean, you're going to have to get to the summary judgment stage, maybe the trial, in order to show that the consumer has no case here. I think not, Your Honor. I think what the district judge here is saying or said was, look, I'm hamstrung by what you have pled. You've pled a price tag. That price tag is not enough for any reasonable consumer to conclude that this is a former price at which this exact same item was sold in the flagship store. Even giving the benefit of the doubt where it's ambiguous as to what it's compared to? Well, the point is that it's not simply ambiguous. The only thing that you can say is, the plaintiff can say is, this is the way I interpreted it. This is conceivable. Then you tell me, compared to what? Well, that's the whole point, that FTC has said. That is the point. That's the source of the confusion. It's an ambiguous offer. It either is compared to what this article was previously offered for at the flagship store or compared to what the competitor down the street is offering a similar product for at a higher price. But the FTC has responded to that. It has told you what compared to means. But would you concede that if the discovery showed that it was neither true that the flagship store ever offered the good, nor was it true that any competitor in the vicinity offered the good, then that is a false representation? Because it's a comparison to nothing other than two numbers that are printed on the label. The point is that this case never got to the discovery point. Well, just answer my hypothetical, Mr. Sweeney. Isn't that sort of the paradigmatic example of consumer fraud? We're pulling these numbers out of the air? Oh, of course. If numbers were pulled out of the air, that would be something different. If you can't show either the former or the latter, then you've got a viable claim here. But that's not what was pled, Your Honor. Well, I'm not so sure. It was not pled that way at all. Indeed, the plaintiff is not arguing that she believed that there was a comparable like good out there. She's saying I thought it had been offered at Neiman Marcus. And I thought it was now being substantially reduced to blow it out of their image. That's what her claim is. And the only reason she raised the issue about reasonable certainty of like goods is because the judge said to her, I'm sorry, your price tags are not a former price. Now as a matter of law, I am ruling that no reasonable jury could reach that conclusion. Not that no reasonable jury. What I'm doing is I am putting on my Iqbal Twombly hat. I'm trying to determine the plausibility of this claim, whether or not a reasonable consumer. Let me rephrase it then. As a matter of law, no reasonable, it would not be plausible to believe, if you were a reasonable consumer, that this good had previously been offered at Neiman Marcus at the higher price. Based upon the tags alone, which is the only thing you have. Correct. Okay. I have it in mind. I have your argument in mind. Thank you very much, Your Honor. Okay. Thank you, Mr. Singh. Just a couple minutes, Your Honors. I can be very brief. I think just to address the issue of standing that came up, I think the Hinojosa. I don't think you need to waste any time. Thank you, Your Honor. We talked about Gerber before, and I know I mentioned Gerber for context. It also does show that it's inappropriate to dismiss this kind of case at the motion to dismiss stage, precisely for the reasons that Your Honor raised. I also think. Well, just a minute. It seems very likely that Judge Tolman is pursuing a line of questioning, which he wanted to have counsel respond to. But when I read your complaint, I don't even see anything about the standards of the FTC or the standards of anything else being the standard you used. I didn't see anything. I didn't see anything except your client says this and that's all. Respectfully, Your Honor, I do believe the FTC guides were discussed in the complaint. Now, where? Where? I mean, I'm trying to figure out where you're going to say, because I read it very carefully. And secondly, even if. How do you make your case? Even if they were discussed. Because you've got to do more. You've got to plead. You did one of the two things that Judge Tolman is suggesting you needed to do. And I didn't see that in the complaint. Your Honor, I think the critical thing that came up in the last discussion with Mr. Sweeney was, I heard the question, compared to what? The Neiman Marcus brand logo is what's on the price tag. So? So if you're in a Neiman Marcus last call store, this plaintiff reasonably believed that she was getting a Neiman Marcus product. She reasonably believed or all consumers reasonably believe? Because if it's only she, then you haven't pled a claim. Appellant respectfully requests that the trial court got it wrong, and it was improper to foreclose the claim based on its finding that no reasonable consumers could view this as a former price comparison. Thank you, Your Honor. Thank you very much. The case just argued is submitted for decision. We will be in recess until 11 a.m.
judges: Tallman, N.R. Smith, Murphy